# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7068 | **DATE** | 1/31/2013 |
| **CASE TITLE** | Evans vs. Gibson Electric Co | | |

**DOCKET ENTRY TEXT**

The court having screened plaintiff, Peggy Evans's, complaint, dismisses the matter for failure to state a claim on which relief may be granted. The status hearing scheduled for February 26, 2013 at 8:30 a.m. is stricken. Case dismissed. Case is terminated.

■[ For further details see text below.] Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Peggy Evans ("Evans"), proceeding *pro se* filed an employment discrimination complaint against defendants, Gibson Electric Co. ("Gibson") and the University of Chicago Medical Center ("UCMC")[1] alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.* or the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*[2]; race discrimination in violation of 42 U.S.C. § 1981; and retaliatory discharge for filing a workers' compensation claim. Evans alleges that she worked as an electrician for Gibson at Comer Children's Hospital and suffered a work-related injury. (It appears undisputed that Gibson was a subcontractor on a construction project at UCMC, of which Comer was a part. As such, UCMC was not Evans's employer.[3]) Several months later, on October 26, 2004, Evans's physician recommended that she have cervical spine surgery. Plaintiff alleges that she was discriminated against on October 26, 2004 (Am. Compl. ¶ 6, Dkt. No. 7). On April 6, 2012, Evans filed a charge against Gibson with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability in violation of the ADA. On June 7, 2012, the EEOC issued a notice of right to sue with a finding that Evans's EEOC charge was untimely.

Evans filed an earlier lawsuit against Gibson and other defendants not named in the present lawsuit arising from her termination. That case is pending in this court before Judge Gottschall and is styled *Evans* v. *Gibson Electric Co., et al*, 11 CV 8197. In that lawsuit, Evans also asserts claims against Gibson for violating the ADA and for retaliatory discharge for filing a workers' compensation claim. *See Evans* v. *Gibson Electric Co., et al.*, 11 CV 8197, Dkt. 50.

**Legal Standard**

When a plaintiff proceeds *in forma pauperis,* a district court "shall dismiss the case at any time" if it finds that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §

| **STATEMENT** |
|---|

1915(e)(2)(B)(ii); *See* Fed. R. Civ. P. 8(a); *Jaros* v. *Ill. Dept. of Corrections*, 684 F.3d 667, 669 n.1 (7th Cir. 2012). The court having screened Evans's complaint dismisses all of the counts.

**Analysis**

**I.      The ADA Claim**

Because Evans already alleged an ADA claim against Gibson in the matter pending before Judge Gottschall, her ADA claim in the present lawsuit will be dismissed as duplicative. *See Norfleet* v. *Stroger*, 297 Fed. App'x 538, 540 (7th Cir. 2008) (relevant factors in determining if two lawsuits are duplicative include whether the parties, claims, facts, and requested relief differ); *Doyle* v. *Fairman*, No. 96 C 2574, 1996 WL 312096, at *2 (N.D. Ill. June 7, 1996) ("District courts are accorded a great deal of latitude in determining whether one action is duplicative of another, but generally, a lawsuit is duplicative if claims, parties and available relief do not significantly differ between the two actions."). Moreover, UCMC has moved to dismiss, in part because Evans did not file a timely charge against it. Evans's failure to name UCMC in her EEOC charge dooms her ADA claim against UCMC. *See Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008); *Lyons* v. *Commonwealth Edison*, No. 06 C 4339, 2008 WL 4686153, at *2 (N.D. Ill. May 5, 2008). The ADA claim against UCMC is thus dismissed with prejudice. The claim against Gibson is dismissed without prejudice to her proceeding in Case No. 11 CV 8197.

**II.     The Rehabilitation Act Claim**

The Rehabilitation Act applies to programs receiving federal funds and "requires employers to accommodate qualified individuals with a disability and incorporates the standards of the ADA." *King* v. *City of Madison*, 550 F.3d 598, 600 (7th Cir. 2008). The Rehabilitation Act has a two-year statute of limitations. *See Conley* v. *Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000) ("We previously have held that Illinois' two-year statute of limitations for personal injury actions applies to actions brought under the Rehabilitation Act."); *Wamack* v. *Windsor Park Manor*, 836 F. Supp. 2d 793, 800 (N.D. Ill. 2011). Evans's claim under the Rehabilitation Act is untimely and thus dismissed with prejudice.

**III.    The § 1981 Race Discrimination Claim**

Section 1981 protects employees against racial discrimination and retaliation when a contractual relationship exists between the employer and employee. *Davis* v. *Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 671 (7th Cir. 2011). Evans's § 1981 claim is subject to a five-year statute of limitations. *See* 28 U.S.C. § 1658; *Jones* v. *R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004); *Dandy* v. *United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004). Evans alleges that Gibson terminated her employment on October 26, 2004; however, she did not file this lawsuit until September 6, 2012. Evans argues that she did not learn about her termination until January 9, 2012, when Gibson filed a motion to dismiss in the matter pending before Judge Gottschall. Evans offers no explanation as to why she only learned about her termination in January of 2012 and Evans undoubtedly knew that she was no longer employed by Gibson at some point over the past eight years. Her complaint and her amended complaint both allege that she was terminated and that the date of discrimination was October 26, 2004. That Evans waited eight years to bring her § 1981 claim renders it untimely. The § 1981 claim is thus dismissed with prejudice.[4]

**IV.     The Retaliatory Discharge Claim**

| STATEMENT |
|---|
| Because Evans brought a retaliatory discharge claim against Gibson in the matter pending before Judge Gottschall, her retaliatory discharge claim in the present lawsuit will be dismissed as duplicative. That UCMC was not Evans's employer also precludes her from bringing a retaliatory discharge claim against UCMC. *See, e.g.*, *Buckner* v. *Atl. Plant Maint.*, 694 N.E. 2d 565, 569–70, 182 Ill. 2d 12, 230 Ill. Dec. 596 (Ill. 1998). The retaliatory discharge claim is thus dismissed with prejudice against UCMC and without prejudice against Gibson. |

1. Evans incorrectly named the University of Chicago Hospital instead of UCMC in her complaint.

2. In her complaint, Evans checked a box alleging disability discrimination based on the ADA and the Rehabilitation Act, although she did not indicate under which theory she was proceeding.

3. In its answer, Gibson denied that Evans was employed by UCMC. *See* Dkt. 17 at 2.

4. Evans' asserted in her April 6, 2012 EEOC charge that she first learned of her termination on January 9, 2012 during the litigation before Judge Gottschall and indicated that discrimination continued until January 8, 2012. Contrary to the allegation in the complaints in both cases that she had been terminated, Evans argues that she believed she was in a layoff status (because of her disability) for more than 7 years. Rather than a continuing violation, this argument suggests tolling the statute of limitations. In order to stop the running of the time for filing her charge, however, plaintiff would have to demonstrate diligence. *See Cada* v. *Baxter Healthcare Corp*., 920 F.2d 446, 450 -451 (7th Cir. 1990) ("[E]quitable estoppel . . . comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations."); *Lee* v. *Cook Cnty., Ill*. 635 F.3d 969, 972 (7th Cir. 2011) ("A litigant is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotation marks & citations omitted). Neither in the voluminous materials submitted in Case No. 11 CV 8197 nor in this case has Evans asserted that she made any effort to return to work for Gibson and was refused. Indeed, the court can find no allegation of any contact between herself and Gibson after October 26, 2004.